The exceptions made to the ruling of the judge below on the formation of the jury cannot avail the prisoner.
Both the men, when tendered, were rejected by peremptory challenges.
The challenges of this kind had not been exhausted at the completion of the jury (only 21 having been made), so that no one was upon the jury against the prisoner's will. If, therefore, an error was committed in tendering a man, it did the prisoner no wrong. It is due, however, to state that no error, of which the prisoner can complain, is apparent upon the record. The subject of challenges to jurors underwent in this Court so full an examination in S. v. Benton, 19 N.C. 196, and the principles there discussed and announced have been so often reaffirmed and illustrated by subsequent cases that we deem it unnecessary to enter upon it anew. Several of the later cases will be found collected in the note to Benton's case (second edition).
(488) The instructions given by the court, on the principal ground of defense taken by the prisoner's counsel, are in strict conformity to law. These principles are of common learning. 1 Hale P. C., 462. *Page 313 
The court was requested to charge the jury that there was no evidence of a combination. This the court declined — and, as we think, properly declined. There was evidence, and abundant evidence, as we think.
We have examined the whole record in this case, and do not find any error.
PER CURIAM. No error.
NOTE. — When one person is present aiding and abetting another in the commission of a crime, both are guilty. S. v. Merritt, 61 N.C. 134;S. v. Rawls, 65 N.C. 334; S. v. Hill, 72 N.C. 345; S. v. Gaston, 73 N.C. 93.
It is not a good cause of challenge that the juror has formed and expressed an opinion adverse to the prisoner, such opinion being founded on rumor, and the juror further stating that he could try the case, according to the law and the evidence, uninfluenced by any opinion he may have so formed from such rumor. To disqualify the witness the opinion should have been fully made up and expressed. S. v. Collins, 70 N.C. 241. See Bakerv. Harris, ante, 271.
Cited: S. v. Holmes, 63 N.C. 21; S. v. Hill, 72 N.C. 349; Capehartv. Stewart, 80 N.C. 102; S. v. Brittain, 89 N.C. 504; S. v. Hensley,94 N.C. 1029; S. v. Green, 95 N.C. 613; Dunn v. R. R., 131 N.C. 447; S.v. Robertson, 166 N.C. 362; Oliphant v. R. R., 171 N.C. 304.