STATE v. JEREMIAH VESTAL. .

*Challenge—Misnomer—Practice.*

1. Where the disqualification of a juror has not been ascertained until after he has been passed to and accepted by the defendant, it is not error for the court to *then* allow a challenge by the state.

2. Slight variances in the name of a defendant, appearing in different parts of the record in a criminal action, will not sustain a motion for a new trial, or to arrest judgment. The objection, if available at all, can only be made by plea in abatement.

(*State* v. *Jones*, 80 N. C., 415 ; *State* v. *Boon, Id.*, 461, cited and approved.)

INDICTMENT for Fornication and Adultery tried at Fall Term, 1879, of YADKIN Superior Court, before *Gilmer, J.*

The defendant and one Lou Royal were charged and convicted of fornication and adultery, and appealed from the judgment of the court below.

*Attorney General,* for the State.
*Messrs. Watson & Glenn* and *J. M. Clement,* for defendants.

SMITH, C. J.   While the jury were being formed and before they were impaneled, and after the solicitor and the defendant's counsel had announced that they had no objections to those in the box, a juror rose in his place and stated that he had, within the past two years, served on a jury in this court.   He was ordered by the court to resume his seat and remain unless objected to by one or the other side. Thereupon the defendant's counsel said they had no objection and the solicitor asked leave to interpose a peremptory challenge for the state, and this after objection from the defendants was allowed by the court and the juror directed to withdraw.

The only exception presented in the record is to this ruling of the court, and we think it is entirely untenable. Indeed the point has been passed on and determined in two cases recently before this court. *State* v. *Jones*, 80 N. C., 415, and *State* v. *Boon, Id.*, 461. In the former, a juror was called, passed to the prisoner and by him challenged for cause. On enquiry into the cause it appeared that the juror had formed and expressed an opinion that the prisoner was not guilty. Thereupon the challenge was withdrawn and the state permitted to challenge, and the juror ordered to stand aside. In passing on the exception to this ruling the court say : " He (the juror) was not an impartial juror and it was the right and duty of the court to set aside the juror at any time before the jury were impaneled." In the other case, the juror had been accepted by the prisoner, and when about to be sworn, made known the fact that he was related to both the deceased and the prisoner, and at his request was allowed to retire. In reference to this action of His Honor, the court say : " It is the duty of the court to see that a fair and impartial jury are impaneled, subject to the right of the prisoner to his peremptory challenges." These were trials involving life, and the rule so just in itself and so clearly expressed, cannot be relaxed in its application to misdemeanors.

In the argument our attention was called to the variance in the name of the female defendant as she is described in the bill of indictment and in the judgment and other parts of the record, and her counsel moved in arrest of judgment or for a new trial. If this slight variance be not due to the inadvertence of the clerk in making out his transcript, it is not ground for either motion—not in arrest of judgment because no error is apparent in the record, nor for a new trial because we cannot assume that she is not known by either name. It is not pretended that the persons indicted, tried and convicted are not the same against whom

sentence has been pronounced, and this identity is the only material matter involved. If either party is misnamed the defence can only be made available by a plea in abatement, which must precede the plea of not guilty, and this as an answer and denial of the accusation, is an implied admission of the correctness of the name.

There is no error. This will be certified that judgment may be rendered on the verdict and it is so ordered.

PER CURIAM.                                      No error.