JOSEPH DUNN v. THE WILMINGTON AND WELDON RAILROAD COMPANY.

(Decided April 10, 1900.)

*Contributory Negligence—Prayer for Special Instruction— Judge's Charge—Proximate Cause—Issues.*

1. A prayer for special instruction by the defendant upon the issue as to contributory negligence, which is clear and correct, ought to be given, and it is error to refuse; the error is not cured by the general charge of the Court as to that issue, which in substance gives the defendant's prayer, but adds thereto the expression, *"and that this was the proximate cause of the injury."*

2. Proximate cause, when the evidence is conflicting is a question for the jury under proper instruction, but not to be considered by them until they find that the plaintiff was guilty of contributory negligence.

3. Where the issues as to negligence and contributory negligence are both found in the affirmative, then the inquiry is raised, under the usual third issue, whether the causes were concurrent, and if not, which was proximate, the usual third issue being: Could defendant, notwithstanding the negligence of plaintiff, have prevented the injury by the exercise of ordinary care?

CIVIL ACTION to recover damages for personal injury occasioned by negligence of defendant, tried before *Bryan, J.,* at December Term, 1899, of DUPLIN Superior Court.

Former trial reported in 124 N. C., 252.

The issues, evidence, prayer for special instruction, and charge of the Court are recapitulated in the opinion.

There was a verdict in favor of plaintiff for $500. Judgment accordingly. Appeal by defendant.

*Messrs. Junius Davis,* and *H. L. Stevens,* for appellant.
*Messrs. Allen & Dortch,* and *Simmons, Pou & Ward,* for appellee.

FAIRCLOTH, C. J. The plaintiff alleges that he was injured by the negligence of the defendant, who denies plaintiff's allegations, and avers that plaintiff's negligence caused his injury. Issues submitted:

(1) Was the plaintiff injured through the negligence of the defendant? Answer. "Yes."

(2) Did the plaintiff by his negligence contribute to the injury? Answer. "No."

(3) Could defendant, notwithstanding the negligence of plaintiff, have prevented the injury by the exercise of ordinary care? Not answered.

Plaintiff introduced evidence tending to show that defendant negligently allowed its engine to stand on its side-track in a town, and caused or allowed steam to escape, making it dangerous for citizens to pass and repass along an adjacent street with their teams and vehicles. The defendant introduced evidence tending to show plaintiff's negligence in that he had just recently driven by, when his horses became excited and shied the standing engine, and that he soon returned by the same standing engine along the street, and was not holding his reins, or was holding them so loosely that he could not control his horses, and that for that reason the horses dashed on to the street curbing and injured the plaintiff. There was other conflicting evidence on the issues in the case.

His Honor instructed the jury that if they answered the first issue, yes; and the second issue, no; they need not consider, nor answer the third issue. The defendant assigned the following as errors, as well as others:

5. That the Court erred in refusing to give the fourth instruction asked by defendant which is as follows: "That if at the time the wagon and horses were about to pass the engine, the plaintiff was not holding the reins of the horses in his hands, or if he was holding them so loosely that he could not control the horses in case of sudden fright, then the plaintiff is guilty of contributory negligence, and the jury must answer the second issue, "Yes."

6. That the Court erred in refusing to give the 5th instruction asked by defendant, which is as follows: "That if the plaintiff knew or had reason to believe that the horses were afraid or shy of the engine, then it was the duty of the plaintiff, in approaching and passing and repassing the engine, to have and kept tight hold of the reins so that he could control his horses in case they were frightened, and if he failed to do so, then the plaintiff was guilty of contributory negligence, and the jury must answer the second issue, Yes."

We think these prayers should have been given, and that it was error to refuse to give them. They are distinct and without any confusing matter, and specially directed to the second issue, on which there was conflicting evidence. They present the defendant's contention on that issue.

The plaintiff insists, however, that these prayers were substantially given in another part of the charge, to-wit: "If the jury believe from a preponderance of the evidence that the plaintiff was driving his horses in a careless manner, either not holding the reins in his hands or holding them so loosely that he could not control the horses, and not acting in the management of the horses in the manner that a man of

ordinary care, skill and prudence would have done, and that
this was the *proximate* cause of the injury, then you should
answer the second issue, Yes."

If it be conceded that this part of the charge does in sub-
stance give the defendant's prayer, it is seen that it gives too
much by adding to the prayer, "and that this was the proxi-
mate cause of the injury." The prayer is confined to the
second issue, and his Honor was charging as to the second
issue when he submitted to the jury matter (proximate cause
in this case) which can not be considered by the jury on the
second issue. Proximate cause, when the evidence is con-
flicting, is a question for the jury under proper instruction,
but not to be considered by them until they find that the plain-
tiff was guilty of contributory negligence; for if they answer
the first issue yes, and the second issue no, then proximity of
cause does not arise, as the plaintiff is entitled to his judg-
ment. If the first and second issues are answered yes, then
the inquiry is raised whether the causes were concurrent, and,
if not, which was proximate, and, as we have said, this will
be determined by an answer to the third issue without allow-
ing it any influence on the second issue.

It may be that this last sentence in the charge had no
influence with the jury. The trouble is that no one can tell
whether it did or not. It is enough for the Court to know
that they were allowed to do so, if they were so inclined.
The jury may have reasoned that if the plaintiff was negli-
gent we think the defendant's negligence was the proximate
cause of the injury, and being allowed to consider that matter
on the second issue by his Honor we will shorten up the mat-
ter by answering the second issue no, and that makes it unnec-
essary to answer the third issue yes, and we can do this as the
result to the defendant is the same either way. This shows
the danger, and how injustice may follow a mistake in the

charge.   Litigants have the right to have their contentions
upon the evidence presented to the jury in a plain and correct
manner, and the law arising thereon declared and explained
by the Court.   It is not proper for the jury to be left to
reason out the better plan to obtain the result and legal conse-
quences of their findings.

As we are compelled for this error to grant a new trial, it is
needless to pass upon the numerous other exceptions, as they
may not be presented again.

Error.

DOUGLAS, J., dissents *arguendo*.