DUNN v. WILMINGTON AND WELDON RAILROAD CO.

(Filed December 2, 1902.)

JURY—*Jurors—Challenges—Peremptory.*

Where a jury has been accepted by the parties, it is error to permit a peremptory challenge to be made.

CLARK and DOUGLAS, JJ., dissenting.

ACTION by Joseph Dunn against the Wilmington and Weldon Railroad Company, heard by Judge *Frederick Moore* and a jury, at December Term, 1900, of the Superior Court of DUPLIN County. From a judgment for the plaintiff, the defendant appealed.

*Allen & Dortch, A. D. Ward,* and *L. V. Grady,* for the plaintiff.
*Junius Davis,* and *H. L. Stevens,* for the defendant.

FURCHES, C. J. After the jury box was full, the plaintiff asked the general question if any juror had formed and ex-

pressed the opinion that plaintiff ought not to recover, where-
upon one juror stated that from hearing the evidence in the
former trial he had formed and expressed an opinion in favor
of the defendant; he further stated that "notwithstanding
such expression of opinion, he could try the case impartially
according to the evidence and charge of the Court." His
Honor thereupon found him a competent juror. To this
there was not and could not be any ground of exception. *State
v. Collins,* 70 N. C., 241; 16 Am. Rep., 771; *State v. Cock-
man,* 60 N. C., 484. But the Court thereupon allowed the
plaintiff to challenge said juror peremptorily. The defend-
ant excepted. It is also found that the defendant had at that
time exhausted his peremptory challenges.

In this there was error. After the jurors are passed by the
parties, any further examination of them is not a matter of
right, but of discretion in the Court. If, on such examina-
tion, good challenge for cause is presented, the Court may
allow the juror to be challenged therefor. *State v. Cunning-
ham,* 72 N. C., 469; *State v. Davis,* 80 N. C., 412; *State v.
Adair,* 66 N. C., 298.

But the reason of the thing and the precedents do not ex-
tend to the allowance of a peremptory challenge after a juror
has been passed and accepted. When another juror has been
called, the routine inquiry of the Judge is, "Has the plaintiff
(or defendant) any objection to the juror last called? To al-
low a party to challenge peremptorily a juror after he has
accepted him, or after he has accepted the twelve, would give
the plaintiff the manifest advantage that if doubtful of
using his peremptory challenge, he can wait to see if the other
side will not challenge them peremptorily or for cause, and
if he fails to do so, the plaintiff will, if the Court permit,
challenge peremptorily such an one as he wishes, after the
panel is made up.

It is true, a party's right is not to select, but to reject a

juror, and therefore no exception will lie to the rejection of a juror by the other side, unless it is prejudicial to himself. But that appears here, for the defendant having exhausted his peremptory challenges in perusing the jury, when the peremptory challenge of the plaintiff was thereafter allowed, the defendant was deprived of the right to challenge peremptory the new juror put in his place. The defendant was not improvident in having exhausted its peremptory challenges in the perusal of the panel. It was not necessary for the defendant to show grounds of a challenge for cause to the new juror. It is enough that he could not challenge him peremptorily.

It is to be regretted that this cause, which has been here three times before, should go off on a matter of this kind, but the rules governing the formation of juries are well settled and material. An innovation, such as the allowance of a peremptory challenge after the acceptance of a juror, is not only an impairment of the legal rights of the opposite party, but would lead to great uncertainty in trials in a matter which has long been settled and well understood.

New Trial.

DOUGLAS, J., dissenting. I am forced to dissent from an opinion which seems to me to be contrary to the letter and the spirit of the law. The Court, in its opinion, cites neither statute nor precedent for its decision. The reason is obvious. The learned German Professor, who undertook to prepare a lecture upon the snakes in Ireland, encountered the same difficulty. The opinion says: "But the reason of the thing and the precedents do not extend to the allowance of a peremptory challenge after a juror has been passed and accepted." The Court entirely overlooks the case of *State v. Vestal,* 82 N. C., 563, where the State was permitted to *peremptorily* challenge a juror after the entire jury had been passed

by both parties. We have no case whatever to the contrary. Again, the opinion says: "When another juror has been called, the routine inquiry of the Judge is, 'Has the plaintiff (or defendant) any objection to the juror last called ?'" This is scarcely consistent with what this Court has said in *State v. Davis,* 80 N. C., 412, as follows: "And in conformity to this rule of practice is the ancient formula used by clerks both in England and in this country in their address to prisoners before the jurors are drawn—'Those men that you shall have called and personally appear are to pass between our sovereign (or the State) and you upon your trial of life and death; if, therefore, you will challenge them, or any of them, your time is to speak to them as they *come to the book to be sworn and before they are sworn.'*" The italics are by the Court. This case is cited by the Court upon a point not in dispute, as are all its other citations.

The following, written tentatively, express my view of the case as presented to us.

This case is before us for the third time, having been reported in 124 N. C., 252, and 126 N. C., 343. The legal questions therein decided can not now be reviewed. The exception upon which the defendant apparently mainly relies, is that the Court below, in its discretion, permitted the plaintiff to challenge a jury peremptorily after having been passed by the plaintiff.

This exception seems to be based upon a misconception of the statute, which makes a wide distinction between peremptory challenges by the State, especially in capital cases, and those by an individual. Section 1200 of The Code provides that "in all capital cases, the prosecuting officer, on behalf of the State shall have the right of challenging peremptorily four jurors; provided said challenge is made *before* the juror is *tendered* to the prisoner." This section is the only one requiring challenge before tender. Section 1199 relates to

challenges by the defendant in criminal cases, and provides that "to enable defendants to exercise this right, the Clerk, in all such trials, shall read over the names of the jurors on the panel, in the presence and hearing of the defendants and their counsel before the jury shall be *empanneled* to try the issues."

Section 406, governing peremptory challenges in civil suits, is as follows: "The Clerk, before a jury shall be *empanneled* to try the issue in any civil suit, shall read over the names of the jury upon the panel in the presence or the hearing of the parties or their counsel; and the parties, or their counsel for them, may challenge peremptorily four jurors upon the said panel, without showing any cause therefor, which shall be allowed by the Court." The italics in these sections are our own. The peremptory challenge under exception was made before the jury were empanneled, and therefore in strict accordance with the terms of the statute. There was no error in its allowance.

The only case from our Reports cited by the defendant in support of its contention is *State v. Fuller,* 114 N. C., 885; but that case was expressly decided upon the construction of section 1200, as the prisoner was charged with murder. In *State v. Vestal,* 82 N. C., 563, wherein a misdemeanor was charged, the State was permitted to peremptory challenge a juror after the entire jury had been passed by both parties, but before it was empanneled.

The defendant also cites us to *Ward v. Railroad,* 19 S. C., 521; 45 Am. Rep., 794; but if outside decisions could be permitted to affect the plain words of our statute, we would find the general current of authority against the defendant. Abbott's Civil Issues, page 69, Sec. 74. In 17 Am. and Eng. Enc., 1185, it is said: "The right of peremptory challenge is one of the safeguards against possible injustice, and its freest exercise within the limits fixed by the legislature should be

permitted." In 12 Enc. P. and P., 495, the principle governing peremptory challenges is thus stated: "Unless the time when or the order in which a challenge may be interposed is expressly restricted by statute, the absolute right to challenge a proposed juror peremptorily may be exercised at any time after his appearance and before he is sworn to try the issue or issues involved. The right of peremptory challenge ought to be held open to the last possible period, to-wit, up to the actual swearing of the jury, and no circumstance can bring that right within the discretion of the Court so long as it is confined to the number of challenges allowed by law. The allowance of a challenge of this nature after the acceptance of a juror, and after he has been sworn in the case, is not a strict matter of right, but in the discretion of the Court, and, for good cause, such a challenge may be allowed, either before or after the completion of the panel."

In the case at bar, the complaint of the defendant is, not not that an objectionable juror was forced upon it, but that it was not permitted to retain a juror who was satisfactory. As was said by Henderson, J., in *State v. Lamon*, 10 N. C., 175, "Challenge is not given to the prisoner that he should have a particular individual upon his jury; but that he should *not* have one against whom he had an objection." In *State v. Smith*, 24 N. C., 402, it is said by Gaston, J., that "the right of challenge is a right to reject—not to select—jurors." Perry v. Railroad, 129 N. C., 333; 17 Am. and Eng. Enc., 1178.

The other questions are without merit, and can not be sustained. In fact, as far as they are material, they appear to have been substantially decided on the former appeal, as they are all questions of law. As the jury found that the plaintiff was not guilty of contributory negligence, all instructions as to the issue of last clear chance became immaterial.

The defendant insists that it was not guilty of negligence "if the engine was kept standing upon the side-track under steam for use in shifting cars." This is not the law. The fact that the engine was kept there for a lawful purpose, even if it were more convenient to keep it there, does not justify the obstruction of a public highway. Upon the former appeal, 124 N. C., 252, it was held that "The use of the highway belongs to the public by common right, and no one may obstruct it without paramount necessity." The rule laid down in *Flynn v. Taylor,* 127 N. Y., 596; 14 L. R. A., 556, quoted in *Tinker v. Railroad,* 51 N. E. (N. Y.), 1032, meets our approval. It is as follows: "Two facts, however, must exist to render the encroachment lawful: (1) The obstruction must be reasonably necessary for the transaction of business. (2) It must not unreasonably interfere with the rights of the public." ·The plea of necessity is one of avoidance: .

We are not prepared to say, as a matter of law, that the plaintiff was guilty of contributory negligence in traveling upon the highway, or that the defendant can relieve itself of all liability for its own negligence simply by making the highway too dangerous for a prudent man to travel. We think there was evidence to go to the jury, and, as the question of negligence was submitted to them under proper instructions, I see no reason to disturb their verdict. The judgment shall be affirmed upon the express wording of the statute, supported by precedent and authority.

CLARK, J., concurs in the dissenting opinion.