After the jury box was full the plaintiff asked the general question, if any juror had formed and expressed the opinion that plaintiff ought not to recover, whereupon one juror stated that from hearing the (447) evidence in the former trial he had formed and expressed an opinion in favor of the defendant; he further stated that "notwithstanding such expression of opinion he could try the case impartially according to the evidence and charge of the court." His Honor thereupon found him a competent juror. To this there was not and could not be any ground of exception. S. v. Collins, 70 N.C. 241; 16 Am. Rep., 771;S. v. Cockman, 60 N.C. 484. But the court thereupon allowed the plaintiff to challenge said juror peremptorily. The defendant excepted. It is also found that the defendant had at that time exhausted his peremptory challenges.
In this there was error. After the jurors are passed by the parties any further examination of them is not a matter of right but of discretion in the court. If on such examination good challenge for cause is presented the court may allow the juror to be challenged therefor. S. v. Cunningham,72 N.C. 469; S. v. Davis, 80 N.C. 412; S. v. Adair, 66 N.C. 298.
But the reason of the thing and the precedents do not extend to the allowance of a peremptory challenge after a juror has been passed and accepted. When another juror has been called the routine inquiry of the judge is, "Has the plaintiff (or defendant) any objection to the juror last called?" To allow a party to challenge peremptorily a juror after he has accepted him, or after he has accepted the twelve, would give the plaintiff the manifest advantage that if doubtful of using his peremptory challenge he can wait to see if the other side will not challenge them peremptorily or for cause, and if he fails to do so the plaintiff will, if the court permit, challenge peremptorily such an one as he wishes after the panel is made up.
It is true a party's right is not to select but to reject a juror, and therefore no exception will lie to the rejection of a juror by the other side unless it is prejudicial to himself. (448) But that appears here for the defendant, having exhausted his peremptory challenges in perusing the jury, when the peremptory challenge of the plaintiff was thereafter allowed the defendant was deprived of the right to challenge peremptorily the new juror put in his place. The defendant was not improvident in having exhausted its peremptory challenges in the perusal *Page 322 
of the panel. It was not necessary for the defendant to show grounds of a challenge for cause to the new juror. It is enough that he could not challenge him peremptorily.
It is to be regretted that this cause, which has been here three times before, should go off on a matter of this kind, but the rules governing the formation of juries are well settled and material. An innovation, such as the allowance of a peremptory challenge after the acceptance of a juror, is not only an impairment of the legal rights of the opposite party but would lead to great uncertainty in trials in a matter which has long been settled and well understood.
New trial.