HODGIN v. RAILROAD.

(Filed November 13, 1906).

*Jurors—Qualification—Freeholders—Challenges to Jurors— Harmless Error—Railroads—Crossings—Watchmen— Care Required.*

1. A juror who owns no land, but whose wife is seized of a fee and has children by him, is a freeholder, and eligible as a juror.

2. Where a challenge for cause by the defendant was erroneously allowed, an exception thereto cannot avail the plaintiff, as he did not exhaust his peremptory challenges.

3. Where the jury found an issue in favor of the appellant, it is unnecessary to consider the exceptions to the evidence and charge which bear only upon that issue.

4. In an action for injuries received at a railroad crossing, where there was evidence tending to prove that the railroad company kept a flagman stationed at this crossing for the purpose of warning pass-

ers-by, and that plaintiff knew of this custom, and that when he got near the crossing he looked for the watchman, but saw none, the Court did not err in refusing to charge at plaintiff's request that he had a right to cross the track under the circumstances, and was absolved from the usual duty of looking and listening.

5. When a watchman is stationed at a crossing to give warning, the traveler who sees the watchman in his place has the right to rely on him for protection, but when he discovers that the watchman is absent from his post of duty he is put on his guard at once, and must exercise ordinary care to protect himself from injury. He should then look and listen for passing trains.

ACTION by James A. Hodgin by his next friend, G. A. Hodgin, against the Southern Railway Company, heard by *Judge Fred Moore* and a jury, at the August Term, 1906, of the Superior Court of GUILFORD.

This was an action to recover damages for injuries received by plaintiff from a collision with defendant's train at a crossing. The Court submitted the issues of negligence, contributory negligence and damage. The jury found the issue of contributory negligence against the plaintiff. From the judgment rendered, plaintiff appealed.

*John A. Barringer* for the plaintiff.
*King & Kimball* for the defendant.

BROWN, J. One of the jurors was challenged by defendant upon the ground that he was not a freeholder. The challenge was allowed, and plaintiff excepted. The juror owned no land, but his wife was seized of a fee and had children by her husband. While the Constitution, Art. X, sec. 6, has wrought very material and far-reaching changes as to the rights and dominion of the wife over her separate property, it seems, nevertheless, to have been held by this Court that the husband still has what is termed an "interest" in her land which constitutes him technically a freeholder.

In *Thompson v. Wiggins Mr. Justice Clark* said of the husband: "By reason of such bare seizin he is still a freeholder,

and as such has always been deemed eligible as a juror in those cases in which being a freeholder is a qualification." 109 N. C., 510.

Although it is said in *Walker v. Long,* 109 N. C., 510, that the husband has no *estate* in his wife's land until after her death, being intestate, yet *Mr. Justice Merrimon* says "but he has an interest as tenant by the curtesy initiate," and cites *Thompson v. Wiggins.* The same case is also cited with approval by *Mr. Justice Avery* in *Jones v. Coffey,* 109 N. C., 518.

While much may be said to the contrary, we think it best to adhere to the former decisions of the Court.

The exception, however, cannot be sustained, and will avail the plaintiff nothing, as he did not exhaust his peremptory challenges. *State v. Teachey,* 138 N. C., 592; *McDowell's case,* 123 N. C., 768; *Hensley's case,* 94 N. C., 1021. We, however, notice the matter briefly in order to set it at rest.

Inasmuch as the jury found the issue of negligence in favor of the plaintiff, it is unnecessary to consider the numerous exceptions in the record to the admission and rejection of evidence, and to the charge of the Court, which bear only upon that issue.

The only exception we deem it necessary to notice relates to the charge of the Court upon the issue of contributory negligence.

The defendant offered evidence tending to prove that plaintiff had been to Greensboro on horseback and was returning home about 11 o'clock at night; that as he approached the railroad crossing he did not pay any attention or exercise any care; that he had been drinking and was under the influence of liquor, and either ran into a passing train or else the train ran into him. There was evidence tending to prove that the company had kept a flagman stationed immediately

at this crossing for the purpose of warning passers-by, and that plaintiff knew of this custom. It is stated in appellant's brief, and is in evidence, that when plaintiff got near the railroad crossing he looked for the watchman, but saw none. It is contended by the plaintiff that as he looked for the usual watchman and saw none, he had a right to cross the track and was absolved from the usual duty of looking and listening, and that his Honor erred in refusing to so charge. For this position plaintiff relies upon *Russell v. Railroad,* 118 N. C., 1109. We do not think the citation gives any support to plaintiff's contention.

We do not gainsay the proposition that where a railroad company keeps gates at a crossing for the protection of the public, and the gates are opened, it is an invitation to enter and cross the track. The company then assumes the care and protection of the passers. But if the passer sees when he gets near the track that the usual gates are gone, he is at once put on his guard, and he should look and listen for passing trains before crossing. The same rule applies when a watchman is stationed at the crossing to give warning. The traveler who sees the watchman in his place has the right to rely on him for protection, but when he discovers that the watchman is absent from his post of duty, he is put on his guard at once, and must exercise ordinary care to protect himself from injury. He should himself then look and listen for passing trains. It is true the watchman is guilty of negligence when he deserts his post, but when this negligence was discovered by plaintiff it made it all the more incumbent upon him to look and listen for his own protection, for he had ample time to do so. There would be more in plaintiff's contention had he proceeded to cross the track before he discovered that the watchman was absent, relying upon the protection which he supposed the watchman was giving him.

We have examined his Honor's charge, and especially that portion relating to contributory negligence. In explaining to

the jury the relative rights and duties of railroad companies and travelers at surface-crossings, his Honor quoted extensively from *Mr. Justice Bradley's* lucid opinion in *Improvement Company v. Stead,* 95 U. S., 161. The charge is also fully sustained by the principles laid down in *Norton v. Railroad,* 122 N. C., 928; *Cooper v. Railroad,* 140 N. C., 209; *Parker v. Railroad,* 86 N. C., 221; *Richmond v. Chicago,* 87 Mich., 374, and *Merrigan v. Railroad,* 154 Mass., 189.

The judgment of the Superior Court is
Affirmed.