## W. M. OLIPHANT v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 5 April, 1916.)

### 1. Jurors—Employees—Qualification.

An employee in the legal department of a corporation, a party to the suit, is not qualified to sit as a juror upon the trial.

**2. Jurors—Peremptory Challenges—Qualifications — Prejudicial Error—Appeal and Error.**

Where a party to the litigation has exhausted his last peremptory challenge to a juror under the erroneous ruling of the court that the juror was qualified, and then attempts to challenge peremptorily another juror, which is forbidden by the court upon the ground that he had already exhausted his peremptory challenges, it constitutes reversible and not harmless error.

**3. Jurors—Peremptory Challenges—Reasons—Prejudicial Error—Appeal and Error.**

A party litigant exercises his right to the peremptory challenges to the jury given him, without being required to state his reason; and where he has been denied this right to his prejudice by the erroneous ruling of the court as to the qualification of a juror, it cannot be maintained by the adversary party that his object was only to test the correctness of the ruling.

APPEAL by plaintiff from *Peebles, J.,* and a jury, at February Term, 1916, of NEW HANOVER.

Civil action for damages for personal injuries, alleged to have been caused by the negligence of the defendant.

The jury answered the issue as to negligence "No." Plaintiff appealed.

*A. G. Ricaud, L. C. Grant, W. F. Jones for plaintiff.*
*Davis & Davis for defendant.*

BROWN, J. During the selection of the jury one Darden was challenged by plaintiff for cause. Upon examination he stated he was an employee of defendant, being a clerk in its legal department. The court overruled the challenge. Plaintiff excepted and challenged the juror peremptorily. This exhausted the plaintiff's four peremptory challenges. Plaintiff afterwards challenged juror Clayton and the court overruled the challenge, holding that the plaintiff's peremptory challenges were exhausted when Darden was stood aside. Plaintiff excepted.

There was error in not sustaining the challenge for cause to juror Darden. This Court has repeatedly held that an employee of a defendant is not a competent and qualified juror. *Blevins v. Cotton Mills,* 150 N. C., 493; *Featherstone v. Cotton Mills,* 159 N. C., 429; *Waters v. Lumber Co.,* 165 N. C., 388; *Starr v. Oil Co.,* 165 N. C., 587; *Norris v. Mills,* 154 N. C., 474.

If the plaintiff had not attempted to challenge peremptorily after Darden had been stood aside by a peremptory challenge, he could not review the ruling of the judge upon the cause assigned, for the error would have been harmless. *S. v. Cockman,* 60 N. C., 485.

But inasmuch as he afterwards challenged Clayton peremptorily, and the court erroneously held that his peremptory challenges had been

exhausted with Darden, the ruling was not harmless, for it deprived plaintiff of one peremptory challenge. But it is contended that plaintiff challenged Clayton without any real objection to the juror, solely to give him the right to review the ruling of the court in respect to Darden's eligibility. A party's reason for challenging a juror peremptorily cannot be inquired into. The law gives the litigant the right to object to a number of jurors without assigning cause. *Dupree v. Ins. Co.,* 92 N. C., 419.

The rule is well stated in *Dunn v. R. R.,* 131 N. C., 448, as follows: "It is true, a party's right is not to select but to reject a juror, and, therefore, no exception will lie to the rejection of a juror by the other side unless it is prejudicial to himself. But that appears here, for the defendant, having exhausted his peremptory challenges in perusing the jury, when the peremptory challenge of the plaintiff was thereafter allowed the defendant was deprived of the right to challenge peremptorily the new juror put in his place. The defendant was not improvident in having exhausted its peremptory challenges in the perusal of the panel. It was not necessary for the defendant to show grounds of a challenge for cause to the new juror. It is enough that he could not challenge him peremptorily."

Besides, the plaintiff may have desired to use the peremptory challenge on some juror following Clayton. After his Honor's ruling that all his peremptory challenges were exhausted, plaintiff was not called upon to attempt to challenge. After challenging Clayton peremptorily and noting his exception, he properly observed the judge's ruling.

New trial.