(71 South. 770)

No. 20636.

ORLEANS–KENNER ELECTRIC RY. CO. v. CHRISTINA et al.

(April 24, 1916.)

*(Syllabus by the Court.)*

1. EMINENT DOMAIN ⬯167(5)—JURORS—PEREMPTORY CHALLENGES—STATUTES—REPEAL.

The Civil Code (article 2632) allows no peremptory challenges of jurors in expropriation suits; the Code of Practice (article 511) allows four such challenges in all civil cases; the Revised Statutes (section 592) declares that, in case any of the provisions of the Code of Practice should be "contrary or repugnant" to those of the Civil Code, they (the provisions of the Code of Practice) shall prevail. There is, however, no such conflict or repugnancy between the respective provisions above mentioned; those of the Code of Practice dealing with civil cases, in general, and those of the Civil Code with a particular class of cases, which the law makes an exception to the general rule.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 455; Dec. Dig. ⬯167(5).]

2. EMINENT DOMAIN ⬯215—COMPETENCY OF JUROR—BIAS.

A freeholder of a parish is not, necessarily, disqualified, on account of bias, from serving as a juror in an expropriation suit, because he favors the building of the railroad, the projector of which is the plaintiff, and voted in favor of a tax in aid of the enterprise, nor, because the road may, at some future time, be extended through his land.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 553; Dec. Dig. ⬯215.]

3. EMINENT DOMAIN ⬯215—QUALIFICATIONS OF JURORS—"FREEHOLDER."

Unless the contrary is made to appear, the law presumes that married persons live under the régime of the community, and that property acquired in the name of either is acquired as the property of the community. Hence, though real estate be acquired in the name of the wife, if it be acquired during the existence of the marriage, and it be not shown that it was acquired with her paraphernal funds, or, that she and her husband were separate in property, it is sufficient to qualify the husband as a "freeholder" and as a juror in a proceeding for expropriation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 553; Dec. Dig. ⬯215.

For other definitions, see Words and Phrases, First and Second Series, Freeholder.]

Appeal from Second Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Judge.

Action by the Orleans-Kenner Electric Railway Company against Joseph Christina and others. From a judgment for plaintiff, defendants appeal. Affirmed.

E. A. O'Sullivan, of New Orleans, for appellants. Peter Stifft and Conrad A. Buchler, both of New Orleans, for appellee.

### Statement of the Case.

MONROE, C. J. Plaintiff brought this suit for the expropriation of a strip of land, 30 feet wide, extending across a tract belonging to the defendants, fronting the Mississippi river and extending in the direction of the lake at a point about 7 miles above the city of New Orleans, the whole amount sought to be taken being 1.9 acres, for which a tender was made before suit of $237.50. Defendants deny the necessity for the expropriation, estimate the value of the land at $2,000, and demand $1,500 additional, by way of damages. The jury brought in a verdict for $237.50, as the value of the land, with "no damages," and defendants have appealed.

The evidence abundantly shows that $100 an acre is a good price for the land in question, being $40 an acre more than it could have been sold for before the scheme for the building of the railroad was announced; it also shows that the road is an interurban enterprise; that the cars will be propelled by electricity; that it will be the only road that will traverse defendant's property, and, instead of being an injury, will be an advantage thereto. In fact, defendant's counsel, in his brief, barely refers to the amount of the award and devotes his attention to certain questions concerning the organization of the jury, to wit: That, though the Civil Code (article 2632) declares that "in impanneling the jury" (in an expropriation case) "either party may challenge for cause, * * * no peremptory challenge shall be allowed," the Code of Practice (article 511) allows to each party four peremptory challenges, in civil cases, in general, in addition to challenges for cause, and, the Revised Statutes (section 592) declares that, "in case the Code of Practice should contain any provisions contrary or repugnant to those of the Civil Code, the provisions of the former shall prevail," and hence that defendant should have been allowed four peremptory challenges which privilege was denied him.

### Opinion.

[1] We do not, however, find the quoted provisions of the respective Codes "contrary or repugnant" to each other, since those of the Code of Practice relate to civil cases, in general, and those of the Civil Code to a particular class of cases which the law has thought proper to make, in the matter of challenges as well as in other matters, an exception to the general rule.

[2] One juror testified that there was a proposition that the plaintiff company should also build a road on the Metairie Ridge, about 5 miles from the property of the defendant, and that, in the event of its doing so, the road will run through property belonging to him; that he would be willing to give the right of way; that he had voted for the imposition of a tax in aid of the construction of the road; and it was objected that he was disqualified by reason of bias. The advantage to the public, and to the defendant, from the building of the road is really not disputed, and we find no reason to believe that the juror who thus testifies had any bias that would operate to the prejudice of the defendant in the matter of the amount that should be paid for his land.

[3] Another juror was objected to on the ground that he was not a freeholder of the parish, within the meaning of the law requiring a jury of freeholders. The juror gave the following testimony on the subject.

Being asked whether he was a property holder in the parish, he answered, "No, sir." He then testified that he lived with his wife upon certain premises in the parish; that the property stood in the name of his wife;

that he was separate in property from his wife; that he and his wife lived under the community of acquets and gains; that his wife bought the property during their marriage; that she bought it from Mr. Collette; that Collette bought it from him (the witness); that it still stood in the name of his wife. We find in the record an act of sale, of date September 13, 1913, from the witness Kerner to Mrs. Annie Multer, wife of Collette, and an act, of date October 11, 1913, from Mrs. Annie Multer to Mrs. Theresa Multer, wife of Kerner; the recited consideration in both sales being the same. The judge a quo, in overruling the objection, said that he had understood that the juror was a freeholder because his wife acquired a piece of property during the community, and that, as the act of sale contained no recital to the effect that it had been purchased with paraphernal funds, he concluded that it was community property, and hence that the juror was competent.

Unless the contrary is made to appear, the law presumes that married persons live under the régime of the community, and that property acquired in the name of either is acquired as the property of the community. And we do not find that the confused testimony of Mr. Kerner rebuts those presumptions in so far as they apply to his marital relations; we therefore agree with the judge a quo that he was a good juror.

The judgment appealed from is accordingly affirmed.