STATE v. HEZZIE AVANT.

(Filed 4 May, 1932.)

1. **Indictment A d—Requirement that names of witnesses be marked on indictment is directory and endorsement as true bill is not necessary.**

The requirement of C. S., 2336 that the foreman should mark the names of witnesses examined by the grand jury on the bill of indictment is merely directory, and there is no statute requiring that the foreman endorse thereon whether or not it is found a true bill, the validity of the bill being determined by the court records and not by endorsement on the bill, and where a bill of indictment in a capital case has been

duly returned into open court by the grand jury or a majority of them as a true bill, C. S., 4611, and the court in its discretion, upon a later investigation, allows the foreman in open court, in the presence of a majority of the grand jury, to mark the names of the witnesses examined on the bill and to endorse it a true bill as directed by the grand jury, the defendant's motion to quash or in arrest of judgment is properly refused.

2. **Jury A b—Persons summoned by sheriff in his discretion for special venire are subject to same challenges for cause as tales jurors.**

Where a special venire has been ordered by the court for the trial of a capital felony, C. S., 2338, such venire, being selected by the sheriff in his discretion and not from the jury box, are subject to the same challenges for cause as tales jurors, C. S., 4635, and among such challenges for cause is that the proposed juror is not a freeholder.

3. **Jury A d—Fact that wife owns real estate does not constitute proposed juror a freeholder when no children have been born to the marriage.**

The ownership of property by the wife of a proposed juror selected by the sheriff in a special venire does not constitute him a freeholder within the intent of the statute when there have been no children born of the marriage, and where the defendant challenges such juror for cause on the ground that he was not a freeholder it is error for the trial court to refuse to allow the challenge, and where the defendant properly presents his exception thereto by exhausting his peremptory challenges and excepting to the court's refusal to allow the challenge for cause, a new trial will be awarded.

APPEAL by defendant from *Finley, J.,* at November Term, 1931, of SCOTLAND. New trial.

The defendant in this action was tried on an indictment for murder. He was convicted of murder in the first degree.

From judgment that he be punished with death by means of electrocution, as prescribed by statute, the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Jennings G. King for defendant.*

CONNOR, J. The defendant's contention, presented by his first assignment of error on his appeal to this Court, that the indictment in this action is not valid, cannot be sustained. This assignment of error is based on defendant's exception to the refusal of the trial judge to allow his motion to quash the indictment. The grounds for this motion were (1) that when returned into court by the grand jury, as provided by statute (C. S., 4611), the bill of indictment was not endorsed by the

foreman of the grand jury or otherwise as "a true bill"; and (2) that the names of the witnesses for the State who were sworn and examined before the grand jury were not marked thereon by its foreman, as provided by statute (C. S., 2336).

The judge found from his investigation, as appears in the record, that certain persons whose names are endorsed on the bill of indictment as witnesses for the State, were sworn and examined before the grand jury, and that the grand jury, after hearing and considering the testimony of these persons as evidence for the State, came into court, in a body, accompanied by its foreman, and returned the bill as "a true bill." This investigation was made by the judge in open court and in the presence of the grand jury. The judge thereupon permitted the foreman of the grand jury, in open court, and in the presence of the grand jury, to mark the names of the persons who had been sworn and examined before the grand jury as directed by the statute, and also permitted the foreman of the grand jury to endorse the bill of indictment, by signing his name thereon, showing by said endorsement that the grand jury had found the bill "a true bill." The indictment, with the endorsements thereon, when entered on the records of the court, was regular in all respects, and was in full compliance with statutory requirements, and with the practice in the courts of this State. Defendant's motion to quash the indictment was denied, and defendant excepted.

The foreman of the grand jury is authorized by statute in this State to administer oaths and affirmations to persons whose names are endorsed on a bill of indictment as witnesses for the State. He is required to mark on the bill the names of such persons as are sworn by him, and examined before the grand jury. C. S., 2336. In *S. v. Hollingsworth,* 100 N. C., 535, 6 S. E., 417, it is said: "The endorsements on the bill form no part of the indictment, and it has been held that the act of 1879 (now C. S., 2336), requiring the foreman of the grand jury, when the oath is administered by him, to mark on the bill the names of the witnesses sworn and examined before the grand jury, is merely directory, and a noncompliance therewith is no ground for quashing the indictment. *S. v. Hines,* 84 N. C., 810. It constitutes ground neither for a motion to quash, nor in arrest of judgment."

There is no statute in this State requiring that a bill of indictment, which has been duly considered and returned into court by a grand jury shall be endorsed by the foreman or otherwise, as "a true bill," or as "not a true bill." It is provided by statute (C. S., 4611), that grand juries shall return all bills of indictment in open court through their acting foreman, except in capital felonies, when it shall be necessary for

the entire grand jury, or a majority of them, to return their bills of indictment in open court in a body. No endorsement by the foreman or otherwise is essential to the validity of an indictment, which has been duly returned into court by the grand jury, and entered upon its records. The validity of the indictment is determined by the records of the court, and not by the endorsements, or the absence of endorsements on the bill. *S. v. Shemwell,* 180 N. C., 718, 104 S. E., 885, *S. v. Long,* 143 N. C., 670, 57 S. E., 349, *S. v. Sultan,* 142 N. C., 569, 54 S. E., 841. It should be noted that *S. v. McBroom,* 127 N. C., 528, 37 S. E., 193, in which it was held by a divided Court that the endorsement "a true bill" is essential to the validity of an indictment, was expressly overruled in *S. v. Sultan, supra.*

When a bill of indictment has been duly returned into open court, by the foreman of the grand jury, or in capital felonies, by the entire grand jury, or a majority of them, and by an inadvertence, the foreman of the grand jury has failed to mark the names of persons endorsed thereon as witnesses for the State, who have been sworn and examined before the grand jury, as directed by the statute, or has failed to endorse thereon the action of the grand jury with respect to whether the bill was found by the grand jury "a true bill," or "not a true bill," the judge may in the exercise of his discretion, permit the foreman to mark the names of the witnesses who have been sworn and examined before the grand jury, or to endorse the bill as directed by the grand jury, provided that where the bill charges a capital felony, the names should be marked, and the endorsement made in open court, and in the presence of the entire grand jury or a majority of them. In such case, the indictment is valid, and it is not error for the judge to refuse to allow a motion to quash the indictment, or in arrest of judgment, after a verdict, on these grounds.

The defendant's assignment of error based on his exception to the refusal of the judge to allow his peremptory challenge of the juror, N. A. Currie, must be sustained. By such refusal the defendant was deprived of a substantial legal right, and for this reason the defendant is entitled to a new trial.

When this action was called for trial, the defendant, who was charged in the indictment with a capital offense, in apt time, requested the judge to issue to the sheriff a special writ of *venire facias,* commanding him to summons seventy-five persons qualified to act as jurors in Scotland County, to appear and serve as jurors during the term of court at which the action was set for trial. This request was granted by the judge in the exercise of the discretion vested in him by statute. C. S., 2338. The persons summoned by the sheriff were not drawn from the

jury box, as authorized by statute, C. S., 2339, but were selected by the sheriff in the exercise of his discretion. For this reason, the persons who were summoned on the special venire, and who were tendered to the defendant as jurors for the trial of the action, were subject to the same challenges for cause as tales jurors, C. S., 4635. Among other challenges for cause, which the defendant was authorized by law to make to each of these jurors, was that the juror tendered to him was not a freeholder in Scotland County. S. v. Levy, 187 N. C., 581, 122 S. E., 386.

In the selection of the jurors for the trial of this action, Monroe McMillan, who was one of the special venire summoned by the sheriff, was tendered to the defendant as a juror. He was challenged by counsel for defendant on the ground that he was not a freeholder in Scotland County. In response to questions addressed to him by counsel for defendant, the juror stated that he did not own land in Scotland County, but that his wife, who was then living with him, did own land in said county. No children had been born to the marriage. Defendant's challenge to this juror for cause was not allowed by the judge and defendant excepted. The defendant then challenged the juror peremptorily. This challenge was allowed and the juror was excused.

Thereafter, the juror, N. A. Currie, who was also one of the special venire summoned by the sheriff, was tendered to the defendant as a juror. The defendant challenged this juror, but did not assign cause for his challenge. He challenged the juror peremptorily. This challenge was not allowed by the judge, and the juror was sworn and served as a juror at the trial. Prior to his challenge of this juror, the defendant had challenged twelve jurors, including the juror, Monroe McMillan, peremptorily. The judge held that defendant had exhausted his peremptory challenges, and for this reason disallowed the challenge to the juror, N. A. Currie. The defendant duly excepted to the refusal of the judge to allow his peremptory challenge of the juror, N. A. Currie, and on his appeal to this Court assigns such refusal as error. By this assignment of error, the defendant duly presents his contention that there was error in the refusal of the judge to allow his challenge of the juror, Monroe McMillan, on the ground that said juror was not a freeholder in Scotland County. Oliphant v. R. R., 171 N. C., 303, 88 S. E., 425.

In Hodgin v. R. R., 143 N. C., 93, 55 S. E., 413, it is said by Brown, J.: "One of the jurors was challenged by defendant upon the ground that he was not a freeholder. The challenge was allowed and plaintiff excepted. The juror owned no land, but his wife was seized of a fee and had children by her husband. While the Constitution, Art. X, sec. 6, has wrought very material and far-reaching changes as to the rights

and dominion of the wife over her separate property, it seems, never-theless, to have been held by this Court that the husband still has what is termed an 'interest' in her land which constitutes him technically a freeholder." This holding, however, has been confined to a husband, whose wife has borne him children, and who is therefore a tenant by the curtesy initiate with respect to land owned by her. It has never been held by this Court that a husband is a freeholder, and therefore not subject to challenge when tendered as a talis juror, by virtue of his wife's ownership of land, when no children have been born of the mar-riage. We know of no principle of law which would sustain such holding by this Court. While we adhere to the decisions of this Court that a husband, whose wife owns land, and has borne him children, is a free-holder in the sense that he is thereby qualified to serve as a talis juror, we cannot hold, in the present state of the law, that he is a freeholder, by virtue of his wife's ownership of land, when no children have been born of his marriage.

For the error of the judge in refusing to allow defendant's per-emptory challenge to the juror, N. A. Currie, we must hold that de-fendant is entitled to a

New trial.