SIGURD PETERSON *v.* GEORGE SNOOK ET AL.

[No. 971S282. Filed March 13, 1973. Rehearing denied May 2, 1973.]

*Carl M. Franceshini,* of LaPorte, for appellant.

*J. Patrick Smith, Smith and Smith,* of LaPorte, *Gerald A. Kamm,* of South Bend, *Frank J. Lanigan,* of LaPorte, for appellee.

HUNTER, J.—This proceeding was brought by appellee (plaintiff below) on his own behalf and on behalf of all taxpayers in LaPorte County, in LaPorte Circuit Court against the appellant to recover salary in the sum of $5,600 paid to appellant as a county councilman.* Summary judgment was requested by both parties and on March 2, 1971, judgment was entered for appellee-plaintiff, resulting in this appeal. The case was directly appealed to this Court because appellant raised a constitutional issue prior to January 1, 1972, the effective date of the new judicial article.

The undisputed facts of this case as shown by the pleadings and affidavits in the transcript reveal that appellant was first appointed to fill a vacancy in the county council of LaPorte County on March 24, 1966. In November 1966, he was then elected to that position. At the time he assumed office in both instances, he did not own any real estate in his own name. The land upon which he and his family resided for

---

* This case was re-assigned to this office on February 7, 1973.

many years was formally titled to his wife but he paid the property taxes. In October, 1969, real estate in LaPorte County was conveyed to appellant by warranty deed.

Judgment was entered for the plaintiff-appellee upon the following grounds:

(1) IC 1971, 17-1-24-3 (Ind. Ann. Stat. § 26-504 [1970 Repl.]) requires that as a prerequisite to holding the office of county councilman, one must be a resident freeholder.

(2) Appellant-defendant was not a resident freeholder when he assumed office.

(3) The office of county councilman attempted to be occupied by appellant was vacant and remained vacant between the period of March 24, 1966 and November 10, 1969. This conclusion was reached pursuant to IC 1971, 17-1-24-3 (Ind. Ann. Stat. § 26-504 [1970 Repl.]) which provides as follows:

"If any person shall be or become ineligible under the provisions of this section, it shall operate to immediately vacate his office as such councilman."

(4) Therefore, the defendant-appellant was ordered to pay back the sum of $5,600 for services "purportedly" rendered between March 24, 1966 and November 10, 1969.

We believe the trial court erred in granting summary judgment for appellee-plaintiff. Appellant *was* a freeholder within the meaning of IC 1971, 17-1-24-3 (Ind. Ann. Stat. § 26-504 [1970 Repl.]) and is therefore entitled to all of his salary earned during his time in office.

IC 1971, 19-3-2-2 (Ind. Ann. Stat. § 27-1502 [1970 Repl.]) defines "freeholder" as follows:

"The term 'freeholder' shall mean a person who holds land in fee or for life, or for some indeterminate period of time, whether or not in joint title with one or more persons."

This statutory definition is nothing more than a codification of the common law definition which this Court embraced long

ago. See *Bradford* v. *State* (1860), 15 Ind. 347; *Maitlen* v. *Barley* (1910), 174 Ind. 620, 92 N. E. 738.

However, an exception to the common law concept has been recognized by the courts of other jurisdictions. A husband, living upon land owned by his wife and occupied by them as their homestead, *is considered to be a freeholder.* See *Hughes* v. *Milligan* (1889), 42 Kan. 396, 22 P. 313; *Hodgin* v. *Southern Ry. Co.* (1906), 143 N. C. 93, 55 S. E. 413 citing *Thompson* v. *Wiggins* (1891), 109 N. C. 508, 14 S. E. 301; *Orleans-Kenner Electric Ry. Co.* v. *Christina* (1916), 139 La. 470, 71 So. 770; 37 C. J. S. at 1374 and the cases cited.

We adopt the above stated exception. In the instant case, appellant and his wife had lived for many years upon land, which was titled in her name. The property was clearly *their* homestead. Moreover, the appellant's payment of property taxes on the homestead property is indicative of his stake in that property.

Appellant has also questioned the constitutionality of the freeholder requirement[1] in IC 1971, 17-1-24-3 (Ind. Ann. Stat. § 26-504 [1970 Repl.]). However, we do not reach that question. As the appellant himself so ably states, this Court will not review the constitutionality of a statute when there are other grounds for relief available. Such is the case here.

For all the foregoing reasons, the judgment of the trial court is reversed.

Judgment reversed.

Arterburn, C.J., DeBruler and Prentice, JJ., concur; Givan, J., not participating.

NOTE.—Reported in 293 N. E. 2d 200.

---

1. See *Turner* v. *Fouche* (1970), 396 U.S. 346 wherein the United States Supreme Court held unconstitutional a freeholder requirement as a prerequisite for school board membership. This Court has upheld a property ownership requirement in a remonstrance statute. *Forks* v. *Warsaw* (1971), 257 Ind. 237, 273 N. E. 2d 856.