STATE OF NORTH CAROLINA v. JAMES G. LEE

No. 7612SC685

(Filed 16 March 1977)

**Jury § 7— exhaustion of defendant's peremptory challenges — juror already accepted — peremptory challenge by State improper**

> The State may not peremptorily challenge a juror already accepted after the defendant has exhausted his peremptory challenges.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 16 March 1976, in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 19 January 1977.

In a former appeal this Court ordered a new trial. The decision is reported in 28 N.C. App. 156, 220 S.E. 2d 164 (1975).

Defendant pled not guilty to the charge of armed robbery. At trial the alleged victim testified that defendant and another, armed with a shotgun, robbed him of $48.00 and then beat him. Defendant offered no evidence.

The jury found defendant guilty as charged. From judgment imposing imprisonment, defendant appeals.

*Attorney General Edmisten by Special Deputy Attorney General Robert P. Gruber for the State.*

*Smith, Geimer & Glusman, P.A., by William S. Geimer for defendant appellant.*

CLARK, Judge.

During jury selection, juror Shutak was asked if she was acquainted with either the District Attorney or defense counsel, and she replied in the negative. The jury was empaneled and the court was recessed. On the following morning juror Shutak informed the court that she was personally acquainted with defense counsel. The court permitted the State to question this juror, and the State, over the objection of the defendant, exercised a peremptory challenge to excuse her. Smith, an auxiliary policeman of the City of Fayetteville, was called as a replacement for juror Shutak. Defendant challenged Smith for cause. The challenge was denied by the court after the juror stated that he would not be influenced by the fact that he was a police officer and that he would be fair to both sides. The defendant

had exhausted his peremptory challenges. The jury was again empaneled.

Defendant assigns as error the ruling of the trial court in allowing the State to exercise a peremptory challenge in excusing Mrs. Shutak.

The record on appeal does not disclose any facts other than those stated above relative to this assignment of error. We must assume that examination of juror Shutak did not reveal any grounds for challenge for cause, other than the stated acquaintance, and that the State did not challenge this juror for cause.

In *Dunn v. R. R.*, 131 N.C. 446, 42 S.E. 862 (1902), after the jury box was full plaintiff asked if any juror had formed and expressed an opinion that the plaintiff ought not to recover, whereupon one juror stated that from hearing the evidence from a former trial, he had formed and expressed an opinion in favor of the defendant, but that nevertheless he could try the case fairly and impartially. The trial judge found him a competent juror. The court thereupon allowed plaintiff to challenge the juror peremptorily. At that time defendant had exhausted its peremptory challenges. The defendant excepted. In ordering a new trial the court stated:

"In this there was error. . . .

It is true a party's right is not to select but to reject a juror, and therefore no exception will lie to the rejection of a juror by the other side unless it is prejudicial to himself. But that appears here for the defendant, having exhausted his peremptory challenges in perusing the jury, when the peremptory challenge of the plaintiff was thereafter allowed the defendant was deprived of the right to challenge peremptorily the new juror put in his place. The defendant was not improvident in having exhausted its peremptory challenges in the perusal of the panel. It was not necessary for the defendant to show grounds of a challenge for cause to the new juror. It is enough that he could not challenge him peremptorily."

Several Arkansas cases, holding that the State may not peremptorily challenge a juror already accepted after the defendant has exhausted his challenges, were overruled in *Nail v. State*, 231 Ark. 70, 328 S.W. 2d 836 (1959); 47 Am. Jur. 2d, Jury, § 257, n. 18 (1969).

Though the *Dunn* decision was rendered in a civil case, and though there have been changes in jury selection procedure since 1902, we find it to be controlling. *Dunn* was quoted with approval in *Oliphant v. R. R.*, 171 N.C. 303, 88 S.E. 425 (1916).

New trial.

Judges VAUGHN and HEDRICK concur.