State v. Spencer

STATE OF NORTH CAROLINA v. LAWRENCE E. SPENCER

No. 782SC288

(Filed 29 August 1978)

Jury § 7.7— challenge for cause denied—failure to exhaust peremptory challenges—challenge for cause waived

> Though a juror was subject to challenge for cause since he had served on a jury within the preceding two years, defendant waived objection to the denial of his motion to challenge for cause, since defendant had not exhausted his peremptory challenges when the jury was empaneled and he did not peremptorily challenge the juror.

APPEAL by defendant from *Cowper, Judge.* Judgment entered 24 January 1978 in Superior Court, TYRRELL County. Heard in the Court of Appeals 16 August 1978.

\ The defendant was charged and convicted of the offense of speeding in excess of 15 miles per hour over the 55 mile per hour speed limit.

During the *voir dire* examination of prospective jurors, juror No. 6 stated that he had served as a juror within the preceding two years. Counsel for defendant moved to challenge the juror for cause on the grounds that he was disqualified pursuant to G.S. 9-3. It was stipulated on appeal that the challenged juror had served as a juror in the January 1977 Session. The motion was denied and counsel for defendant excepted.

Defendant did not peremptorily challenge the juror and the juror was seated on the panel. It was stipulated on appeal that at the time the jury panel was completed, defendant had not exhausted his peremptory challenges.

After judgment, defendant filed a written motion in arrest of judgment on the grounds that the challenged juror was not qualified to serve on the jury. The motion was denied.

*Attorney General Edmisten by Associate Attorney T. Michael Todd for the State.*

*Wilkinson & Vosburgh by James R. Vosburgh for defendant appellant.*

CLARK, Judge.

The defendant assigns as error the denial of a challenge for cause of juror No. 6 pursuant to G.S. 9-3. This statute provides:

"All persons are qualified to serve as jurors and to be included on the jury list who are citizens of the State and residents of the county, who have not served as jurors during the preceding two years. . . . Persons not qualified under this section are subject to challenge for cause."

There is no question that the juror was subject to challenge for cause since he had served on a jury within the preceding two years.

Defendant, however, waived objection to the denial of the motion to challenge for cause since he had not exhausted his peremptory challenges.

*State v. Brittain,* 89 N.C. 481 (1883), is directly on point. In *Brittain,* a juror was called who had served on a jury in the same court within the preceding two years. The juror was challenged for cause and the court overruled the challenge. The jury was selected before the defendants had exhausted their peremptory challenges. On appeal the court held that the defendants were not entitled to a *venire de novo.* The court cited *State v. Cockman,* 60 N.C. 484 (1864), as authority for its decision. *Cockman* held that an improper denial of a challenge for cause was not prejudicial. The defendant had excused the jurors in question and had several peremptory challenges remaining when the jury was seated.

The rule is succinctly stated in *State v. Chavis,* 24 N.C. App. 148, 175, 210 S.E. 2d 555, 573 (1974), *cert. denied* 287 N.C. 261, 214 S.E. 2d 434 (1975), *cert. denied* 423 U.S. 1080 (1976). "[I]n order for

State v. Spencer

a defendant to perserve his exception to the court's denial of a challenge for cause, he must (1) excuse the challenged juror with a peremptory challenge, (2) exhaust his peremptory challenges before the panel is completed, and (3) thereafter seek, and be denied, peremptory challenge to an additional juror."

The defendant did not comport with the rule set out in *Chavis, supra.* Defendant had a peremptory challenge remaining which he could have used to excuse the challenged juror from the panel. His failure to exhaust peremptory challenges waived objection to the overruling of his challenge for cause.

No error.

Judges PARKER and ERWIN concur.