STATE OF NORTH CAROLINA v. JOHNNY REEP

No. 7126SC407

(Filed 4 August 1971)

**1. Crime Against Nature § 2— sufficiency of indictment**

Bill of indictment charging that defendant on a specified date "unlawfully, wilfully and feloniously did commit the abominable and detestable crime against nature with" a named male person is sufficient to withstand defendant's motion to quash.

**2. Indictment and Warrant § 5— return through grand jury foreman — indictment delivered by solicitor**

G.S. 15-141 does not make it mandatory that the grand jury foreman personally deliver bills of indictment to the court, and the bill of indictment was not improperly delivered to the court where the foreman delivered it to the officer serving the grand jury, and the officer gave the indictment to the solicitor who carried it into the courtroom.

**3. Constitutional Law § 30— incarceration under invalid process — solitary confinement — speedy trial**

In this prosecution for crime against nature, the trial court did not err in the denial of defendant's motion to quash and to dismiss the charge against him on grounds that (1) he was incarcerated for an excessive time under invalid process, (2) he was incarcerated for an excessive time in solitary confinement without certain privileges, thereby being punished as though he had been convicted, and (3) he was denied a speedy trial.

**4. Criminal Law § 122— deadlocked jury — instructions urging jury to reach verdict**

It was not error for the court, after the jury had deliberated for an hour and fifty minutes and had informed the court that they were hopelessly deadlocked, to instruct the jury, "I might say there is not any reason to hurry in the case. This is a full week here and another week, if necessary, and you have until Saturday night," where the court also instructed the jury that no juror should surrender his conscientious opinion about the case and should not participate in a verdict that did not reflect his conscientious opinion.

APPEAL by defendant from *McLean, Judge,* at the 1 February 1971 Schedule "A" Criminal Session, MECKLENBURG Superior Court.

Defendant was tried on a bill of indictment charging crime against nature. The jury returned a verdict of guilty and from judgment imposing prison term of six years, defendant appealed.

*Attorney General Robert Morgan by Howard P. Satisky, Staff Attorney, for the State.*

*Edward T. Cook for defendant appellant.*

BRITT, Judge.

[1] Defendant first assigns as error the refusal of the trial court to quash the bill of indictment for that it did not with sufficient particularity charge defendant with a crime. The bill of indictment on which defendant was tried charged in pertinent part as follows: "That Johnny Reep * * * on the 26 day of September, 1970, * * * unlawfully, wilfully, and feloniously did commit the abominable and detestable crime against nature with Leland Reed Tickle, a male person, 17 years of age." Under authority of *State v. O'Keefe,* 263 N.C. 53, 138 S.E. 2d 767 (1964), we hold that the bill of indictment is sufficient and the assignment of error is overruled.

[2] Defendant assigns as error the failure of the trial court to quash the bill of indictment for that it was improperly delivered to the court. Following a *voir dire,* the trial court found that the foreman of the grand jury delivered the bill of indictment to the officer serving the grand jury, which officer in turn gave the indictment to the solicitor who carried it into the courtroom. Defendant contends that the action of the solicitor was violative of G.S. 15-141 which provides as follows: "Grand juries shall return all bills of indictment in open court *through* their acting foreman, except in capital felonies, when it shall be necessary for the entire grand jury, or a majority of them, to return their bills of indictment in open court in a body." (Emphasis added.) In providing that grand juries shall return their bills *through* their foreman (as opposed to *by* their foremen), we do not think the statute makes it mandatory that the foreman personally deliver bills of indictment to the court. We perceive no prejudice to the defendant in the instant case, therefore, the assignment of error is overruled.

[3] In his third assignment of error, defendant contends that the trial court erred in denying his motion to quash the bill of indictment and dismiss the charges on the grounds that defendant's constitutional rights had been violated in that: (a) he was incarcerated for an excessive length of time under invalid process; (b) he was incarcerated for an excessive length of time in

solitary confinement, was denied regular shaving, showers, exercise and change of clothing, thereby being punished as though he had been convicted of the charge against him; and (c) he was denied his right to a speedy trial on the charge against him. Although defendant appears to have been arrested on 27 September 1970 and confined until his trial on or about 1 February 1971, on the facts appearing in the record we hold that the court did not err in denying defendant's motion to quash the indictment and dismiss the case. It is noted that the sentence imposed is considerably less than the maximum allowed by statute. The assignment of error is overruled.

[4] Finally, defendant assigns as error the additional instructions given to the jury after they had deliberated for a period of time, then returned to the courtroom and announced that they were hopelessly deadlocked. The additional instructions challenged were: "I might say there is not any reason to hurry in the case. This is a full week here and another week, if necessary, and you have until Saturday night. You don't have to hurry. But, suppose you go out and try again, don't give up too soon. You may retire."

Defendant contends the additional instructions had the tendency of coercing a guilty verdict and cites *Trantham v. Furniture Company*, 194 N.C. 615, 140 S.E. 300 (1927) and *State v. McKissick*, 268 N.C. 411, 150 S.E. 2d 767 (1966).

The additional instructions in *McKissick* appear to have been declared erroneous for the reason that the trial judge failed to instruct the jury that no one of them should surrender his conscientious convictions or his free will and judgment in order to agree upon a verdict. This was not true in the instant case. Before giving the instructions complained of, the court, among other things, said: " * * * [A]ccording to my watch, you have been out about an hour and fifty minutes. I don't want any member of the jury to surrender any conscientious opinion that he has about this matter * * *. I do not ask and would not permit a single one of you to participate in a verdict that did not reflect your conscientious opinion. I do not ask or want you to do that." We hold that the additional instructions were free from prejudicial error and the assignment of error is overruled. *State v. Fuller*, 2 N.C. App. 204, 162 S.E. 2d, 517 (1968).

No error.

Judges MORRIS and PARKER concur.