STATE OF NORTH CAROLINA v. JOHN WRIGHT MIDYETTE

No. 791SC761

(Filed 5 February 1980)

**Indictment and Warrant § 7.1— indictment not marked a true bill—sufficiency**

An indictment returned by the grand jury is not defective or insufficient because the foreman failed to mark the box indicating a true bill or not a true bill where the court minutes show that all bills of indictment were returned true bills.

APPEAL by defendant from *Strickland, Judge.* Judgments entered 29 March 1979 in Superior Court, CAMDEN County. Heard in the Court of Appeals 15 January 1980.

*Attorney General Edmisten, by Associate Attorney Tiare B. Smiley, for the State.*

*Robert B. Lowry and Jennette, Morrison and Austin, by John S. Morrison, for defendant appellant.*

VAUGHN, Judge.

This appeal raises the sole issue of whether a bill of indictment returned without any marking to indicate whether it is a true bill or not a true bill is defective and insufficient when other evidence shows that the bill was returned in open court by the grand jury as a true bill.

Four indictments were returned by the grand jury on 26 March 1979 against defendant for felonious breaking and entering and larceny. Upon trial, guilty verdicts were returned on all four indictments. Three of the four indictment forms had a paragraph just below the list of witnesses and just above the places for the date and signature of the grand jury foreman which read:

> The witnesses marked "x" were sworn by the undersigned foreman and examined before the grand jury, and this bill was found to be [ ] a true bill by twelve or more grand jurors [ ] not a true bill.

On two of the forms, no indication was given of whether it was a true bill or not a true bill. On the other identical form indictment, an "x" appears in the box preceding the words "a true bill. . . ."

The fourth indictment was similar except the words "Twelve or more Grand Jurors concurred in this finding" were not part of the printed form but were typed in. This fourth form was similar to the other three in the way "a true bill" or "not a true bill" was to be indicated and an "x" did appear in the box preceding the words "a true bill." The superior court minutes for 26 March 1979, the day these four indictments were handed down, disclose that all bills of indictment received that day were acted upon and disposed of and that all bills of indictment received were returned true bills.

Defendant contends that the two indictments which did not have either the box beside "a true bill" or the box beside "not a true bill" marked were defective and insufficient indictments. This is the only objection to the form of the indictment. For the court to have jurisdiction in this case, it is essential that there be a valid indictment or a proper waiver. N.C. Const. Art. 1, § 22; *State v. Crabtree*, 286 N.C. 541, 212 S.E. 2d 103 (1975).

The Criminal Procedure Act, G.S. 15A, also makes certain specifications about indictments. The Act requires that there be an indictment unless there is a waiver. G.S. 15A-923(a). As to the form of an indictment, the same statute further states that "[t]he bill of indictment has entered upon it the finding of the grand jury that it is a true bill." G.S. 15A-923(b). The Official Commentary to this section states that this provision must be read in conjunction with the indictment provisions of Article 32 of the Act. In Article 32, an indictment is defined as "a written accusation by a grand jury, filed with a superior court, charging a person with the commission of one or more criminal offenses." G.S. 15A-641(a). The Official Commentary to G.S. 15A-641 states that the section was intended to set out the North Carolina common law relating to the definition of indictment.

An indictment must contain:

(1) The name of the superior court in which it is filed;

(2) The title of the action;

(3) Criminal charges pleaded as provided in Article 49 of this Chapter, Pleading and Joinder;

(4) The signature of the prosecutor, but its omission is not a fatal defect; and

(5) The signature of the foremen or acting foreman of the grand jury attesting the concurrence of 12 or more grand jurors in the finding of a true bill of indictment.

G.S. 15A-644(a).

The Supreme Court has held that G.S. 15A-644(a)(5) is merely directory and that an indictment is not invalid because it contained no attestation clause that twelve or more grand jurors concurred in the findings of a true bill. *State v. House*, 295 N.C. 189, 244 S.E. 2d 654 (1978); *see also State v. Avant*, 202 N.C. 680, 683, 163 S.E. 806, 807 (1932). We follow this reasoning which makes substance paramount over form and hold an indictment is not invalid merely because there is no specific expression in the indictment that it is "a true bill." *See also State v. Cox*, 280 N.C. 689, 187 S.E. 2d 1 (1972); *State v. Marr*, 26 N.C. App. 286, 215 S.E. 2d 866, *cert. den.*, 288 N.C. 248, 217 S.E. 2d 673 (1975).

The report of the grand jury in the minutes of the superior court were a part of the record on appeal in this case. There is precedent for using court minutes to determine whether the indictments were returned as required by law. *State v. Childs*, 269 N.C. 307, 315, 152 S.E. 2d 453, 459 (1967), *death sentence vacated*, 403 U.S. 948, 91 S.Ct. 2278, 29 L.Ed. 2d 859 (1971). The minutes of court in the record before us show that the indictments were returned as true bills. The minutes in conjunction with the indictments themselves show that the criminal procedure used in the case was not defective nor invalid. The grand jury report in the minutes indicates that the missing "x" in the appropriate boxes on two of the four indictments was merely an oversight. The record on appeal also contains affidavits filed in mid-July 1979 by twelve members of the grand jury that returned these indictments in which they state that all four indictments returned against defendant were true bills.

Early case law which required an endorsement "a true bill" as essential to the validity of an indictment has been expressly overruled. *State v. Sultan*, 142 N.C. 569, 54 S.E. 841 (1906), *overruling, State v. McBroom*, 127 N.C. 528, 37 S.E. 193 (1900). The provisions in the Criminal Procedure Act did not change this.

Therefore, we hold that an indictment returned by the grand jury is not defective or insufficient where the foreman failed to mark the box indicating a true bill or not a true bill where the court minutes show that all bills of indictment were returned true bills.

No error.

Judges HEDRICK and CLARK concur.