STATE OF NORTH CAROLINA v. MICHAEL TOWNSEND

No. 8912SC1167

(Filed 17 July 1990)

1. **Criminal Law § 169.3 (NCI3d)— objection to evidence—identical evidence subsequently offered by defendant—objection waived**

Defendant waived the benefit of his objection to testimony concerning the connection between a phone number provided to law officers by defendant and a trailer used for keeping

and selling controlled substances where defendant subsequently took the stand and testified to identical facts establishing the nexus between himself, the drugs, and the trailer, and further attempted to justify his action.

**Am Jur 2d, Trial § 174.**

2. **Criminal Law § 687 (NCI4th)— requested jury instructions given in substance**

The trial court did not err in failing to give defendant's requested jury instructions that guilt could not be inferred from his mere presence at the scene, that the number of witnesses called and the amount of evidence introduced was not determinative of guilt, and that the testimony of a law officer is not necessarily deserving of more consideration or greater weight, since the requested instructions were given in substance.

**Am Jur 2d, Trial §§ 832, 854.**

3. **Criminal Law § 1042 (NCI4th)— defendant convicted of misdemeanor—judgment showing conviction of felony—judgment remanded for correction**

Where the verdict was returned convicting defendant of a misdemeanor of maintaining a dwelling house for keeping and selling controlled substances, but the judgment incorrectly reflected a conviction for a felony, the case was remanded to the trial court for correction of the judgment to make it consistent with the verdict.

**Am Jur 2d, Trial § 1208.**

APPEAL by defendant from judgment entered 2 August 1989 in CUMBERLAND County Superior Court by *Judge George R. Greene.* Heard in the Court of Appeals 5 June 1990.

Defendant was charged by proper indictments with intentionally maintaining a dwelling house for keeping and selling controlled substances in violation of G.S. § 90-108(a)(7), possession with intent to sell and deliver more than one gram of cocaine in violation of G.S. § 90-95(a)(1), and possession with intent to sell and deliver more than one-half ounce of marijuana, also in violation of G.S. § 90-95(a)(1). The State's evidence at trial tended to establish that on 1 July 1988, officers with the Cumberland County Sheriff's Depart-

ment, pursuant to a valid search warrant, entered and searched a house trailer located at 626 Deep Creek Road, lot 3A. The officers discovered within the house trailer large quantities of both marijuana and cocaine. Defendant, Flora Strickland, Larry Ray, and three other persons not pertinent to this appeal were in the house trailer at the time of the search. Papers taken from Flora Strickland's purse included a rent receipt made out to defendant and signed by the landlord of the house trailer. Subsequent to his arrest, defendant gave the officers a telephone number that, according to telephone company records, belonged to a telephone located at the house trailer and listed in defendant's name.

The jury found defendant guilty of maintaining a dwelling house for keeping and selling controlled substances and of possession with intent to sell and deliver more than one gram of cocaine, but returned a verdict of not guilty on the charge of possession with intent to sell and deliver more than one-half ounce of marijuana. The trial court consolidated the convictions for sentencing and imposed sentence of five years' imprisonment, suspended, five years' supervised conditional probation, and a fine of $1,000.00.

From the judgment entered on the jury's verdicts of guilty, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General P. Bly Hall, for the State.*

*James R. Parish for defendant-appellant.*

WELLS, Judge.

Defendant brings forward five assignments of error challenging the trial court's admission of certain hearsay testimony, the trial court's refusal to give requested jury instructions, and a variance between the jury's verdict and the judgment entered thereon respecting the charge of feloniously maintaining a dwelling house for the keeping and selling of controlled substances. We find no error in the trial, but we remand the judgment for correction to make it consistent with the verdict.

[1] By his first argument, defendant challenges the trial court's admitting testimony of Agent John Ridgen of the Cumberland County Sheriff's Department that he was able to verify, by contacting Carolina Telephone and Telegraph Company, that a phone number provided to him by defendant belonged to a telephone located at

the house trailer and listed in defendant's name. Defendant contends that this testimony was impermissible hearsay, not within a hearsay exception, which prejudiced him by improperly establishing a nexus between defendant, the drugs, and the trailer used to keep and sell the drugs. We need not, however, reach this question, for we conclude that defendant has waived the benefit of his objection.

The settled law of this State, unchanged by the adoption of the North Carolina Rules of Evidence, is that "[w]here evidence is admitted over objection, and the same evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost." *State v. Brooks*, 83 N.C. App. 179, 349 S.E.2d 630 (1986) (*quoting State v. Whitley*, 311 N.C. 656, 319 S.E.2d 584 (1984)). Under the equally well-established exception to the waiver rule, a timely objection is not waived when the objecting party later offers evidence "for the purpose of impeaching the credibility or establishing the incompetency of the testimony in question." *State v. Wills*, 293 N.C. 546, 240 S.E.2d 328 (1977) (*quoting State v. Aldridge*, 254 N.C. 297, 118 S.E.2d 766 (1961)). Nevertheless, an objection will not be preserved under this exception where the subsequent offer by the objecting party "simply produc[es] the same and additional evidence of the facts that had already been testified to over his objection." *Id.; see generally 1 Brandis on North Carolina Evidence* (3d ed.) § 30.

The record indicates that although defendant seasonably objected to Agent Ridgen's testimony and made a motion to strike, defendant later took the stand and testified on direct examination that he ordered the telephone to be placed at the trailer and listed in his name. It is true that defendant further testified that, in so doing, he acted at the behest of Flora Strickland and Larry Ray. Such testimony does not, however, bring defendant within the exception to the waiver rule. A defendant is not permitted, as a means of avoiding the application of the waiver rule, to take the stand, testify to the same facts shown by the objectionable evidence, "and from that point embark upon whatever testimonial excursion he may choose to offer as justification for his conduct." *State v. Wills, supra* (*quoting State v. McDaniel*, 274 N.C. 574, 164 S.E.2d 469 (1968)). Defendant himself testified to the identical facts admitted over his objection establishing the nexus between defendant, the drugs, and the trailer. No attempt was made by defendant to attack either the credibility or competency of Agent

Ridgen's testimony. The benefit of defendant's objection to that testimony is therefore waived.

[2] Defendant next brings forward three assignments of error challenging the trial court's refusal to give certain requested jury instructions. Because the resolution of the merits of these assignments of error turns on but a single issue, we consolidate them for purposes of our discussion.

Defendant requested instructions that guilt could not be inferred from his mere presence at the scene; that the number of witnesses called and amount of evidence introduced is not determinative of guilt; and that the testimony of a law enforcement officer is not necessarily deserving of more consideration or greater weight. He contends, either outright or implicitly, that the trial court did not give these instructions in substance. We disagree.

It is well established that if a request is made for a specific instruction which is correct in law and supported by the evidence, the trial judge must give the instruction. *State v. Monk*, 291 N.C. 37, 229 S.E.2d 163 (1976); *see also State v. Paige*, 316 N.C. 630, 343 S.E.2d 848 (1986). It is equally well established, however, that the trial court is not required to give a requested instruction in the exact language of the request, so long as the instruction is given in substance. *Id.*

With respect to defendant's request for an instruction on "mere presence," the record shows that the trial court instructed the jury that in order to convict, it had to find beyond a reasonable doubt that defendant, "acting either by himself or acting together with other persons did possess cocaine and marijuana for the purpose of delivery and sale, and did operate a dwelling house for the purpose of selling the illegal substance[.]" With respect to the remaining instructions requested by defendant, the record discloses that the trial court gave the pattern instructions pertaining to the weight of the evidence and credibility of the witnesses. The instructions given by the trial court, considered as a whole, sufficiently state the substance of defendant's requested instructions to comport with the above requirements. The trial court therefore did not err in declining to give the instructions requested by defendant.

[3] Finally, defendant argues that the judgment must be remanded for correction to make it consistent with the verdict rendered.

STATE v. TOWNSEND

[99 N.C. App. 534 (1990)]

The record reflects that defendant was charged pursuant to G.S. § 90-108(a)(7). That statute makes it unlawful for any person "[t]o knowingly keep or maintain any . . . dwelling house . . . which is used for the keeping and selling of [controlled substances]." G.S. § 90-108(b) further provides that:

> Any person who violates this section shall be guilty of a misdemeanor. Provided, that if the criminal pleading alleges that the violation was committed intentionally, *and upon trial it is specifically found that the violation was committed intentionally*, such violations shall be a Class I felony. (Emphasis added.)

The indictment charging defendant with a violation of G.S. § 90-108(a)(7) alleged that such violation was committed intentionally. The verdict returned by the jury, however, did not specifically find that the violation was committed intentionally. By the plain language of the statute, defendant is therefore guilty of a misdemeanor pursuant to his conviction on this charge. Nevertheless, the judgment entered reflects a conviction for a felony. Where a verdict is returned convicting a defendant of a misdemeanor, but the judgment incorrectly reflects a conviction for a felony, the case must be remanded "to correct the judgment and make it consistent with the verdict." *State v. Durham*, 74 N.C. App. 121, 327 S.E.2d 312 (1985) (*citing State v. Williams*, 31 N.C. App. 111, 228 S.E.2d 668, *disc. rev. denied*, 291 N.C. 450, 230 S.E.2d 767 (1976) ). This case must therefore be remanded to the Cumberland County Superior Court to correct the judgment and make it consistent with the verdict.

No error in the trial.

Remanded for correction of judgment.

Judges EAGLES and LEWIS concur.