STATE OF NORTH CAROLINA v. MARLON KEITH WILLIAMS

No. COA98-1426

(Filed 21 December 1999)

**1. Drugs— trafficking in cocaine—possession element—sufficiency of evidence**

The trial court did not err in a trafficking in cocaine case by denying defendant's motion to dismiss based on insufficient evidence to establish the possession element of the charge, even though defendant did not have actual possession of an illegal substance, because an inference of constructive possession arises when a defendant has exclusive control over the premises where the controlled substance is found.

**2. Criminal Law— instructions—requested—exact language not required—given in substance**

The trial court did not err in a trafficking in cocaine case by refusing to give two requested jury instructions because the trial court is not required to give a requested instruction in the exact language of the request, so long as the instruction is given in substance.

**3. Criminal Law— instructions—repetition—judge fulfilling obligation to instruct and clarify**

The trial court did not err in a trafficking in cocaine case by clarifying the possession instruction to the jury three times, as requested by the jury, because the judge was merely fulfilling his obligation to instruct and clarify any source of confusion.

Appeal by defendant from judgment entered 23 June 1998 by Judge John M. Gardner, Mecklenburg County Superior Court. Heard in the Court of Appeals 22 September 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General D. Sigsbee Miller, for the State.*

*Yurko & Owens, P.A., by N. Todd Owens, for defendant-appellant.*

LEWIS, Judge.

Defendant was tried at the 22 June 1998 session of Mecklenburg County Superior Court. The jury returned a verdict of guilty on one count of trafficking in cocaine by possession of 200 grams or more but less than 400 grams. Defendant was sentenced to seventy to eighty-four months' imprisonment. Defendant appeals, making three arguments.

The State's evidence tended to show the following. As of 20 August 1997, defendant had been living in Rooms 319 and 321 at the McDonald's Inn in Mecklenburg County, North Carolina, for two months. The rooms had a connecting door and defendant had keys to both rooms. A fire occurred at the hotel on 20 August 1997, to which police officers responded and were present to assist hotel patrons in removing their personal belongings from their rooms. Defendant was escorted by an officer to Room 319 to gather his personal belongings. Defendant authorized the officer to enter Room 319; the connecting door to Room 321 was open.

Upon entrance, the officer noticed a gun case and bullets on the floor. Defendant stated there was no gun in the room and allowed the officer to look around the rooms. The officer observed defendant's clothing and personal items in both rooms. As defendant removed his personal belongings, the officer discovered $8130 in cash under the box spring of a bed. The cash consisted of thirty-three ten dollar bills, three hundred ten twenty dollar bills, twelve fifty dollar bills and ten one-hundred dollar bills. The officer called for assistance to detain defendant, but defendant had already driven out of the parking lot. The officer conducted a more thorough search and discovered in Room 321 a traffic citation issued to defendant, defendant's birth certificate, defendant's high school diploma and pictures. The officer also discovered a quantity of cocaine concealed above the ceiling tiles in the bathroom in Room 319. Defendant stipulated that on 20 August 1997, 247.21 grams of cocaine were seized from Room 319 of the McDonald's Inn in Mecklenburg County.

[1] Defendant first argues the trial court's refusal to dismiss the charges against him for insufficient evidence was reversible error. In

ruling on a motion to dismiss, the trial court must interpret the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor. *State v. Cox*, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981). To withstand a motion to dismiss for insufficiency of the evidence, the State must present substantial evidence of each of the essential elements of the crime charged. *State. v. Workman*, 309 N.C. 594, 598, 308 S.E.2d 264, 267 (1983). Substantial evidence means more than a scintilla. *State v. Thomas*, 65 N.C. App. 539, 541, 309 S.E.2d 564, 566 (1983). The jury must resolve conflicts and contradictions within the testimony. *State v. Thompson*, 37 N.C. App. 628, 636, 246 S.E.2d 827, 833 (1978).

Here, defendant was charged with trafficking in cocaine by possession. To withstand a motion to dismiss, then, the evidence viewed in the light most favorable to the State must have been substantial as to each of the following elements: that defendant (i) knowingly, (ii) possessed, (iii) 200 grams or more but less than 400 grams, (iv) of cocaine. N.C. Gen. Stat. § 90-95(h)(3)(b) (1997). Defendant disputes that the State put forth sufficient evidence to establish the possession element of the charge. Specifically, defendant asserts that he did not have actual possession of an illegal substance and his mere proximity to an illegal substance was insufficient to establish any evidence of constructive possession. We disagree.

An accused's possession of an illegal substance can be actual or constructive. *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). There is no evidence of actual possession in this case; thus, the question becomes whether the State put forth sufficient evidence manifesting defendant's constructive possession. Constructive possession of a controlled substance exists where there is no actual personal dominion over the controlled substance, but there is an intent and capability to maintain control and dominion over it. *State v. Brown*, 310 N.C. 563, 568, 313 S.E.2d 585, 588 (1984). An inference of constructive possession arises when a defendant has exclusive control over the premises where the controlled substance is found. *Id. at* 569, 313 S.E.2d at 588-89. Such an inference may also arise where defendant's possession of the premises is nonexclusive, so long as other incriminating circumstances are shown to exist. *Id.*

A careful review of the record in this case indicates that the State presented more than a scintilla of evidence establishing that defendant had exclusive control over the premises which was sufficient to withstand a motion to dismiss. The State's evidence tended to show

that defendant rented the motel rooms and was the sole occupant of the rooms. Specifically, defendant retained the keys to both rooms and only defendant's personal belongings, including his birth certificate, two diplomas and a traffic citation, were seized from the rooms. None of the evidence indicated that defendant's possession of the rooms was non-exclusive, for instance, that other persons occupied the rooms during defendant's two-month stay. We therefore find sufficient evidence of defendant's exclusive control such that the trial court appropriately submitted the case to the jury.

[2] Defendant next brings forward three assignments of error challenging the trial court's refusal to give two requested jury instructions. First, defendant requested the court to instruct the jury that it could not infer guilt from defendant's mere presence at the scene. If a request is made for a specific instruction which is correct in law and supported by the evidence, the trial judge must give the instruction. *State v. Townsend*, 99 N.C. App. 534, 538, 393 S.E.2d 551, 553 (1990). The trial court, however, is not required to give a requested instruction in the exact language of the request, so long as the instruction is given in substance. *Id.*

In accordance with this rule, we held in *Townsend* that the trial court effectively fulfilled defendant's requested mere presence instruction, though not in the exact language of the request, where the jury was instructed that in order to convict, it must "find beyond a reasonable doubt that defendant, 'acting either by himself or acting together with other persons did possess cocaine and marijuana for the purpose of delivery and sale, and did operate a dwelling house for the purpose of selling the illegal substance[.]' " *Id.* at 538, 393 S.E.2d at 553-54. Likewise, the jury here was instructed as follows:

[I]f you find from the evidence beyond a reasonable doubt, that on or about the alleged date, the Defendant knowingly possessed cocaine, and that the amount which he possessed was 200 grams or more but less than 400 grams of that substance, it would be your duty to return a verdict of guilty of trafficking in cocaine. However, if you do not so find or if you have a reasonable doubt as to either one or both of these things, then it would be your duty to return a verdict of not guilty.

Although the court refused defendant's request for a specific mere presence instruction here, as in *Townsend*, the court provided defendant's requested instruction in substance. We find no error in the court's choice.

**STATE v. WILLIAMS**

[136 N.C. App. 218 (1999)]

Defendant also challenges the trial court's refusal to instruct the jury on actual and constructive possession. The trial court refused to use the labels "actual" and "constructive" to avoid confusion, and instead, instructed the jury as follows:

> [A] person possesses cocaine when he is aware of its presence, and has both the power and intent to control its disposition or use. I instruct you that if you find, beyond a reasonable doubt, that a substance was found in certain premises or on certain premises, and that the Defendant exercised control over those premises whether or not he owned them, this would be a circumstance from which you may but are not required to infer that the Defendant was aware of the presence of the substance, and had the power and intent to control its disposition or use.

Defendant concedes that the trial court provided his requested instruction in substance. We agree, in that the trial court provided an instruction which encompassed both actual and constructive possession without specifically labeling the distinction between "actual" and "constructive." Having provided defendant's request in substance, we find no error in the court's refusal to label the distinction between actual and constructive possession. *State v. Wells*, 27 N.C. App. 144, 145-46, 218 S.E.2d 225, 226-27 (1975).

[3] Defendant further argues the trial judge unduly emphasized its instruction on possession by clarifying the instruction to the jury three times. It is well-settled that the trial court is under an obligation to decide any legal questions and to instruct the jury on the law arising from the evidence presented at trial. *State v. Canipe*, 240 N.C. 60, 63, 81 S.E.2d 173, 176 (1954). Further, the purpose of an instruction to the jury is to clarify issues so that the jury can apply the law to the facts of the case. *State v. Cousin*, 292 N.C. 461, 464, 233 S.E.2d 554, 556 (1977). By repeating the jury instructions as requested, the trial judge was fulfilling his obligation to instruct and clarify any sources of confusion therein. We find that the trial judge responded to the jury's request for clarification fairly and accurately and the repetition did not prejudice defendant. Accordingly, defendant's assignments of error are dismissed.

No error.

Judges JOHN and McGEE concur.