TYSON, Judge.
Pavel Nikolayevi Shchetinin ("Defendant") appeals from a judgment entered upon his convictions for trafficking heroin, possession of methamphetamine, and possession of drug paraphernalia. We find no error.
I. Background
Defendant owned and lived in a home located in Charlotte in 2015. Defendant also rented out rooms to tenants. On 22 June 2015, an individual overdosed on heroin while in Defendant's home. Law Enforcement officers suspected heroin was being dealt from Defendant's home and began surveillance in mid-October 2015. Police also conducted three controlled purchases of heroin between 26 October and 4 November 2015. The seller in all three of those transactions was Tony Martinez, who was renting a room inside of Defendant's home.
Immediately after making the 4 November controlled purchase of heroin, the police executed a search warrant at Defendant's home. When police entered the home, Defendant was sitting on the living room couch. A "hide-a-key" box was discovered on top of the coffee table located in front of the couch where Defendant was sitting. The police confiscated the box and discovered methamphetamine and heroin therein. Defendant was read his Miranda rights and agreed to answer questions from the officers.
Charlotte-Mecklenburg Police Officer Donna West testified she spoke with Defendant, who indicated he had stolen the heroin from a man who had left it on his back porch several days prior and had purchased the methamphetamine from another individual the day before. Defendant further indicated methamphetamine and some firearms were located in his bedroom.
Inside of Defendant's bedroom, police discovered a small quantity of methamphetamine and small baggies, typically used as packaging in the sale of methamphetamine. Police also recovered over 200 grams of heroin from the person and bedroom of Defendant's roommate, Angel Martinez.
On 16 November 2015, a grand jury indicted Defendant for trafficking heroin, possession of methamphetamine, and possession of drug paraphernalia. The case was called for trial on 21 August 2017.
While Defendant did not testify or present other evidence at trial, defense counsel challenged Officer West's assertion that Defendant had admitted the heroin found in the hide-a-key box belonged to him. Defense counsel pressed Officer West that her notes indicated Defendant admitted having stolen the heroin from someone, and that he "gave" that heroin to some friends, suggesting Defendant had not confessed to possessing the heroin in the hide-a-key box.
Defendant submitted a written proposed jury instruction that mere presence at the scene of a crime does not establish guilt. The trial court denied Defendant's requested instruction.
On 24 August 2017, the jury found Defendant guilty of trafficking heroin, possession of methamphetamine, and possession of drug paraphernalia. The trial court consolidated the convictions for judgment and sentenced Defendant to an active imprisonment term of 70 to 93 months. Defendant gave oral notice of appeal in open court.
II. Jurisdiction
Jurisdiction lies with this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444 (2017).
III. Issue
Defendant contends the trial court erred in failing to give the requested jury instruction, stating mere presence at the scene does not support an inference of guilt.
IV. Standard of Review
"If a request is made for a jury instruction which is correct in itself and supported by evidence, the trial court must give the instruction at least in substance." State v. Rogers , 121 N.C. App. 273, 281, 465 S.E.2d 77, 82 (1996) (citation and quotation marks omitted), cert. denied , 347 N.C. 583, 502 S.E.2d 612 (1998). "The trial court, however, is not required to give a requested instruction in the exact language of the request, so long as the instruction is given in substance." State v. Williams , 136 N.C. App. 218, 221, 523 S.E.2d 428, 431 (1999). This Court reviews alleged error of jury instructions de novo . State v. Osorio , 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009).
V. Analysis
Defendant argues the trial court erred by failing to give his requested jury instruction on mere presence at the scene. We disagree.
In accordance with the rule that the trial court is not required to give the requested instruction in the exact language demanded, as long as it is given in substance, we have held:
the trial court effectively fulfilled defendant's requested mere presence instruction, though not in the exact language of the request, where the jury was instructed that in order to convict, it must "find beyond a reasonable doubt that defendant, 'acting either by himself or acting together with other persons did possess cocaine and marijuana for the purpose of delivery and sale, and did operate a dwelling house for the purpose of selling the illegal substance[.]' "
Williams , 136 N.C. App. at 221, 523 S.E.2d at 431 (quoting State v. Townsend , 99 N.C. App. 534, 538, 393 S.E.2d 551, 553-54 (1990) ).
"The mere presence of the defendant at the scene of the crime, even though he is in sympathy with the criminal act and does nothing to prevent its commission, does not make him guilty of the offense." State v. Sanders , 288 N.C. 285, 290, 218 S.E.2d 352, 357 (1975), cert. denied , 423 U.S. 1091, 47 L.Ed. 2d 102 (1976). In the context of drug possession cases, "the mere presence in a room where drugs are located does not itself support an inference of constructive possession." State v. Autry , 101 N.C. App. 245, 253, 399 S.E.2d 357, 363 (1991).
In State v. Williams , an officer discovered cocaine located above the ceiling tiles in a hotel room the defendant was renting and living in at the time. 136 N.C. App. at 219-20, 523 S.E.2d at 430-31. On appeal from his conviction for trafficking in cocaine, the defendant contended the trial court had erred by denying his requested jury instruction not to infer guilt from the defendant's mere presence at the scene. Id. at 221, 523 S.E.2d at 431. This Court rejected the defendant's contention, holding the trial court had provided the defendant's requested instruction, in substance, where it instructed the jury:
if you find from the evidence beyond a reasonable doubt, that on or about the alleged date, the [d]efendant knowingly possessed cocaine, and that the amount which he possessed was 200 grams or more but less than 400 grams of that substance, it would be your duty to return a verdict of guilty of trafficking in cocaine. However, if you do not so find or if you have a reasonable doubt as to either one or both of these things, then it would be your duty to return a verdict of not guilty.
Id.
The Court in Williams relied upon an earlier decision in Townsend , 99 N.C. App. 534, 393 S.E.2d 551, in which this Court similarly concluded the trial court gave, in substance, the defendant's requested instruction on "mere presence" where:
the trial court instructed the jury that in order to convict, it had to find beyond a reasonable doubt that defendant, "acting either by himself or acting together with other persons did possess cocaine and marijuana for the purpose of delivery and sale, and did operate a dwelling house for the purpose of selling the illegal substance[.]"
Id. at 538, 393 S.E.2d at 553-54.
Defendant asserts Williams is factually distinguishable from the current matter.
In Williams , the jury had a singular focus on the drugs found in the defendant's hotel room. The drugs were all found in the defendant's hotel room. The drugs were all found in the same room; in fact, they were all found in the same hiding spot above some ceiling tiles. No evidence was presented that anyone else had control or even access to the hotel room.
Defendant claims evidence in this case of "a series of discrete drug caches" and also the presence of Defendant's renter, Mr. Martinez, who was "an established drug dealer." Defendant asserts this evidence distinguishes his case from the facts in Williams.
Williams' facts involved the discovery of cocaine in the defendant's hotel room when only the defendant was present. The facts in Townsend , which this Court relied upon in Williams, showed that "large quantities of both marijuana and cocaine" were discovered inside a mobile home, and five people other than the defendant were present therein at the time of the search. Townsend , 99 N.C. App. at 536, 393 S.E.2d at 552. The precedents in Williams and Townsend control the outcome in this matter.
The trial court instructed the jury, in pertinent part:
[I]f you find from the evidence beyond a reasonable doubt that on or about the alleged date that the defendant knowingly possessed heroin, and that the amount which the defendant possessed was four grams or more, but less than fourteen grams, then under those circumstances it would be your duty to return a verdict of guilty.
If you do not so find or if you have a reasonable doubt as to one or more of these things, then under those circumstances it would be your duty to return a verdict of not guilty.
This instruction is functionally identical to the instructions approved of by this Court in Williams and Townsend . Defendant's attempt to distinguish Williams is without merit. Defendant's argument is overruled.
VI. Conclusion
Following Williams and Townsend , the trial court's instruction stated the substance of Defendant's requested instruction on "mere presence." The trial court did not err in its choice of instruction. Defendant received a fair trial, free from prejudicial errors he preserved and argued. We find no error in the jury's verdict or in the judgment entered thereon. It is so ordered .
NO ERROR.
Report per Rule 30(e).
Judges BRYANT and ARROWOOD concur.